# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Colony Insurance Company,** | Case No.: 2:17-cv-2006-PMD |
| Plaintiff, | |
| v. | |
| **Nudo Nympha, LLC DBA Thee Southern Belle and Gentleman's Club and Wet and Wild, Robin Robinson, Red Dog, LLC, and Wet & Wild, LLC DBA Gentleman's Quarter,** | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendants. | |

Plaintiff would show unto the Court:

## JURISDICTION

1. Colony Insurance Company ("Colony") is a corporation organized and existing pursuant to the laws of the Commonwealth of Virginia with its principal place of business in Virginia, at 8720 Stony Brook Parkway, Suite 300, Richmond, Virginia.

2. On knowledge and belief, Defendant Nudo Nympha, LLC d/b/a Thee Southern Belle and Gentleman's Club and Wet and Wild is a South Carolina Limited Liability Company with its organizing and existing since April 25, 2008 in Charleston, South Carolina.

3. On knowledge and belief, Defendant Red Dog, LLC is a limited liability company organized and existing since September 12, 2002 under the laws of the state of South Carolina with offices in Charleston County, South Carolina.

4. Upon information and belief, Defendant Wet & Wild, LLC., is a limited liability company organized and existing since April 1, 2002 under the laws of the state of South Carolina.

5. On knowledge and belief, Defendant Robin Robinson is a resident of South Carolina, and upon information and belief, was at all times relevant hereto the owner, operator, and managing agent of Defendant Nudo Dympha LLC and Fine Housing, Inc.

6. The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000), as a declaration is sought regarding coverage of a commercial general liability policy with a liability coverage limit of Two Million Dollars ($2,000,000), against which a third party has made a demand for policy limits.

7. This Court, therefore, has jurisdiction under 28 U.S.C. §1332.

8. There is jurisdiction for this declaratory action under 28 U.S.C. §2201.

9. Venue is proper in the Charleston Division as the Defendant Nudo Nympha, LLC is a resident of Charleston County, South Carolina.

10. Plaintiff requests that this case be set for expedited trial under the provisions of Local Rule 16.14(A) of the Rules of the South Carolina District Court.

**FACTS**

11. On May 7, 2013, Anthony Fogle ("Fogle"), the manager for Wet & Wild, LLC d/b/a Gentleman's Quarter ("Gentleman's Quarter") filled out a "Commercial Insurance Application," attached hereto as Exhibit 1, wherein he requested general liability insurance, liquor, and property insurance for a "cigar bar" with annual revenues of $10,000.

12. Fogle also filled out a document entitled "Application for Liquor Liability and General Liability Insurance" for Gentleman's Quarter, attached hereto as Exhibit 2, wherein he wrote that Gentleman's Quarter's annual on premises sales of alcohol totaled $100,000 and the annual cigar sales totaled $20,000.

2

13. Upon information and belief, Cherie Dumez ("Dumez") of the Cherie Dumez Agency submitted the Commercial Insurance Application and Application for Liquor Liability and General Liability Insurance to Colony.

14. Based on the application Fogle completed and Dumez submitted, Colony issued a commercial general liability insurance policy with policy number GL3971274 to Gentleman's Quarter covering the period of May 21, 2013 to May 21, 2014 (the "Policy"). A certified copy of the policy is attached as Exhibit 3.

15. The Policy described the business being insured as "tobacco products stores."

16. The Policy defined "insured" as: "A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are also insureds, but only with respect to their duties as your managers, or personal liability for the insured in the event ". . . a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' . . . caused by an 'occurrence' to which this coverage applies . . . ." The policy defines "bodily injury" as " . . . bodily harm . . . including required care [and] loss of services . . . ." "Occurrence" is defined in the policy as "an accident . . . which results, during the policy period in . . . 'bodily injury.'"

17. The Policy further provides that "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a named insured in the Declarations."

18. The Policy also states "employees" are insureds "only for acts within the scope of their employment by you or while performing duties or while performing duties related to the conduct of your business."

19. The Policy incorporated Endorsement U159-0702, Limitation of Coverage to Business Description, which lists "Tobacco Products Stores" as the insured's business. This

3

endorsement amends coverage under the General Liability Coverage Part, SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b. to add a fourth paragraph providing as follows: This insurance applies to "bodily injury" and "property damage" only if: . . . "[t]he "bodily injury" or "property damage" is caused by or results from the business described in the Schedule."

20.     The Policy also includes a Total Liquor Liability Exclusion, Endorsement U087-0310, which provides in pertinent part as follows: "This insurance does not apply to: . . . "Bodily injury or "property damage" arising directly or indirectly from alcoholic beverages for which any insured may be held liable by reason of: . . . Causing or contributing to the intoxication of any person; . . .The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or . . . Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages."

21.     Colony agreed to pay "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking damages seeking those damages.  However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply.

22.     On January 11, 2014, an incident allegedly occurred at a property owned by Nudo Nympha, LLC and Red Dog, LLC in which Kevin Anderson ("Anderson") allegedly assaulted Robert Larsen ("Larsen") after being served an excessive amount of alcohol by Red Dog, LLC and Nudo Nympha, LLC.  After the assault, Nudo Nympha and Red Dog security guards ordered Anderson to leave.  Anderson then allegedly waited in the parking lot for Larson and a friend, Theodore Westervelt ("Westervelt") to leave.  When Larsen and Westervelt left the building owned by Nudo Nympha and Red Dog, Anderson provoked a confrontation with Westervelt,

which led to a physical altercation. In the ensuing altercation, Larsen was knocked to the ground, striking his head, which allegedly caused serious injuries and damages.

23. On April 10, 2015, Larsen filed a civil complaint in the Court of Common Pleas for Charleston County. A Copy of this Complaint is attached hereto as Exhibit 4. This Complaint was amended on June 19, 2015, and alleges claims against Nudo Nympha, LLC dba Thee Southern Belle and Gentleman's Club and Wet and Wild, Robin Robinson, Vincent Detaso, and Fine Housing, Inc. A copy of the First Amended Compliant is attached hereto as Exhibit 5. On April 13, 2016, Larsen filed his Second Amended Complaint. A copy of the Second Amended Complaint is attached hereto as Exhibit 6.

24. None of the Complaints included allegations against Wet & Wild, LLC d/b/a Gentleman's Quarter.

25. The events alleged in the Complaint began inside and continued immediately out of an adjacent adult club named "Thee Southern Belle." Thee Southern Belle is not a named or additional insured under the insurance policy issued to Gentleman's Quarter.

26. There are no allegations contained in any of the Complaints relating to services provided by a "Tobacco Products Store" as listed on the insurance application.

27. Furthermore, the allegations contained in the Complaints arose directly from the service of alcoholic beverages, and the Plaintiffs alleged that Red Dog and Nudo Nympha served Anderson an excessive amount of alcohol.

28. Based on the allegations of the complaint, Colony agreed to defend Wet & Wild, LLC d/b/a Gentleman's Quarter in that lawsuit, but reserved its right to rely on any provision of the policy that would be a defense to coverage.

29. Because there are no allegations in any Complaint against Wet & Wild, LLC d/b/a Gentleman's Quarter, the Southern Belle is not listed as an insured on the Policy, no Complaint

contains any allegations arising out of services related to the operation of a Tobacco Products Store, and the incident described in the Complaints arose directly from the service of alcoholic beverages, Colony initiated this declaratory action for a determination of whether it has a duty to indemnify Nudo Nympha, LLC, Red Dog, LLC, Robin Robinson, based on his actions of February 24, 2013.

### **FOR A FIRST DECLARATION**

30. The allegations in paragraphs 1-29 above are realleged as though repeated verbatim herein.

31. The only named insured in the Declarations of the Policy is Wet & Wild, LLC d/b/a Gentleman's Quarter.

32. The Policy specifically excluded coverage "with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a named insured in the Declarations."

33. Upon information and belief, Robinson is a member of Red Dog, LLC and Nudo Nympha, LLC.

34. Red Dog, LLC and Nudo Nympha, LLC existed prior to the Policy's effective date.

35. Red Dog, LLC and Nudo Nympha, therefore, are excluded from coverage under the Policy.

36. Colony, therefore, respectfully requests that the Court declare that Nudo Numpha, LLC and Red Dog, LLC are not insureds defined by the policy in the actions and, therefore, no duty to indemnity Larsen for these entities.

**FOR A SECOND DECLARATION**

37. The allegations in paragraphs 1-34 above are realleged as though repeated verbatim herein.

38. No Complaint contains any allegations against Wet and Wild, LLC d/b/a Gentleman's Quarter.

39. Upon information and belief, Robinson is the sole member of Wet and Wild, LLC d/b/a Gentleman's Quarter.

40. Robinson has been named as a defendant in the underlying case as members of Red Dog, LLC and Nudo Nympha, LLC.

41. Colony's policy only provides coverage for members with respect to the conduct of Wet and Wild, LLC d/b/a Gentleman's Quarter.

42. Colony should, therefore, have no obligation under its insurance contract to indemnify or to provide a defense for Robinson in the underlying lawsuit.

43. Colony, therefore, respectfully requests that the Court declare that Colony's policy provides no coverage that would require it to indemnify Larsen or provide a defense for Robinson and Destaso in the underlying tort action.

**FOR A THIRD DECLARATION**

44. The allegations in paragraphs 1-43 above are realleged as though repeated verbatim herein.

45. The Policy contains an exclusion for Liquor Liability, which is defined as: "Bodily injury or "property damage" arising directly or indirectly from alcoholic beverages for which any insured may be held liable by reason of: . . . Causing or contributing to the intoxication of any person; . . . The furnishing of alcoholic beverages to a person under the legal

7

drinking age or under the influence of alcohol; or **. . .** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages."

46. The Second Amended Complaint alleges "That at all times relevant hereto, Defendant Red Dog, LLC's agents and employees furnished liquor to one Kevin Anderson when he was in an obviously intoxicated condition, and otherwise illegally and unlawfully caused and contributed to the intoxication of Kevin Anderson in violation of S.C. Code Ann. § 61-6-2220."

47. The Second Amended Complaint further alleges that "Defendants operate Nudo Nympha, LLC and Red Dog, LLC as a joint venture whereby Red Dog, LLC provides alcohol services to the patrons of Nudo Nympha."

48. The Second Amended Complaint goes on to allege that the negligent, reckless, carless, willful and wanton conduct of the Defendants with relation to serving alcohol to Anderson when he was already intoxicated, which directly caused Larsen's injuries.

49. The underlying lawsuit, therefore, is a case in which the Defendants may be held liable by reason of furnishing of alcoholic beverages to someone under the influence of alcohol.

50. Colony, therefore, respectfully requests the Court declare that the Policy provides no coverage that would require it to indemnify Larsen or provide a defense to any entity in the underlying lawsuit.

## FOR A FOURTH DECLARATION

51. The allegations in paragraphs 1-50 above are realleged as though repeated verbatim herein.

52. The Policy contained an endorsement that limited coverage to bodily injuries "caused or result[ing] from the business described in the Schedule."

53. The Policy Schedule defined the business description as "Tobacco Product Store."

8

54. None of the Complaints involve any allegations which can be described as arising out of the operation of a Tobacco Product Store."

55. Colony, therefore, respectfully requests the Court declare that the Policy provides no coverage that would require it to indemnify Larsen or provide a defense to any entity in the underlying lawsuit

### FOR A FIFTH DECLARATION

56. The allegations in Paragraphs 1-50 above are realleged as though repeated verbatim herein.

57. Under South Carolina law, if an insurer's insurance policy provides no coverage for the claims in an underlying lawsuit, the insurer is entitled to withdraw the defense it has provided. If there is no coverage there is no duty to defend.

58. Because there is no coverage for any Defendant for the incident of January 11, 2014, Colony has no duty to continue defending any Defendant in the underlying tort action.

59. Colony, therefore, respectfully requests that the Court declare that Colony is entitled under South Carolina law to withdraw its defense of Red Dog, LLC, Nudo Nympha, LLC, Robin Robinson in the underlying tort action, Robert Larsen and Marie Larsen v. Nudo Nympha, LLC d/b/a Thee Southern Belle and Gentleman's Club and Wet and Wild, Robin Robinson, Red Dog, LLC.

### FOR A SIXTH DECLARATION

60. The facts recited in Paragraphs 1 – 58 above are reiterated as though repeated verbatim here.

61. In addition, Defendants failed to provide notice of the events alleged in the Complaint or of the filing of the Complaint itself, as required by the CGL Policy, regarding the events alleged in the Complaint or the filing of the Complaint itself.

62. Plaintiff has been substantially prejudiced by the lack of notice.

63. Recovery under the CGL Policy is therefore barred.

**WHEREFORE**, Plaintiff prays the Court to issue declarations that:

(a) Plaintiff has no duty to indemnify Nudo Nympha, LLC DBA The Southern Belle and Gentleman's Club and Wet and Wild, Robin Robinson, Red Dog, LLC, or Wet & Wild, LLC DBA Gentleman's Quarter in connection with the underlying action because coverage is validly excluded for the reasons set forth above;

(b) Plaintiff has no duty to defend Nudo Nympha, LLC DBA The Southern Belle and Gentleman's Club and Wet and Wild, Robin Robinson, Red Dog, LLC, or Wet & Wild, LLC DBA Gentleman's Quarter in the underlying action because there is no possibility of coverage;

(c) Plaintiff is entitled to withdraw its defense of Nudo Nympha, LLC DBA The Southern Belle and Gentleman's Club and Wet and Wild, Robin Robinson, Red Dog, LLC, and Wet & Wild, LLC DBA Gentleman's Quarter in the underlying action; and

(d) For all attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Mark S. Barrow.
Mark S. Barrow, Fed. I.D. No. 1220
Brandon R. Gottschall, Fed. I.D. No. 12201
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR PLAINTIFF COLONY INSURANCE COMPANY**

Columbia, South Carolina
July 28, 2017